## Simons, Brittain & English, Inc., Appellant, *v.* Armstrong and Markell.

*Architects—Registered architect—Service—Act of July 12, 1919, P. L. 933.*

In an action by a corporation to recover for service rendered in the preparation of preliminary sketches and plans for a building, the affidavit of defense raised a question of law that the statement of claim did not set forth a cause of action; that the contract sued upon comprehended a professional, confidential relationship, capable of being performed and discharged only personally and individually, and that a corporation could not lawfully undertake to assume the duties mentioned in the contract. The lower court entered judg-

ment for the defendants, holding that the plaintiff was a corporation and that a corporation could not secure the certificate required by the Act of July 12, 1919, P. L. 933, qualifying it to practice the profession of an architect.

Such decision constituted reversible error. The Act of July 12, 1919, P. L. 933, regulating the practice of architecture, prohibits any person from using the words "registered architect," or some words, letters or figures implying that he is such, unless he has complied with the provisions of the act or is the holder of a certificate of qualification to practice architecture. Section 13 of the Act allows persons other than architects to design buildings and supervise their construction so long as they do not use the title of architect.

Where the plaintiff did not hold itself out to be an architect, and where the plans were signed by a duly registered architect, the averments in the statement constituted a proper cause of action and the judgment of the lower court will be reversed.

Argued April 20, 1925. Appeal No. 147, April T., 1925, by plaintiff from judgment of C. P. Fayette Co., December T., 1923, No. 633, in the case of Simons, Brittain & English, Inc., a corporation, v. J. C. Armstrong and F. E. Markell. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover a balance due on a contract. Before VAN SWEARINGEN, P. J.

The facts are stated in the opinion of the Superior Court.

Defendants filed an affidavit of defense in the nature of a demurrer, raising a question of law. The court sustained the questions of law as raised and entered judgment in favor of the defendants. Plaintiff appealed.

*Error assigned* was the order of the court.

*John E. McCalmont,* for appellant.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellees.

OPINION BY TREXLER, J., July 9, 1925:

Simons, Brittain and English, Incorporated, brought a suit in assumpsit to recover a balance due on a contract. The statement of claim alleges that the plaintiff had entered into a contract with the defendants to furnish under the direction of George J. Simons, architect, preliminary sketches, contract working drawings and specifications and detail drawings covering the building construction for a new theatre and store building to be erected for the party of the second part at Brownsville, Pa. Terms of payment were to be three hundred dollars when the preliminary sketches were completed, and the balance of seven hundred and fifty dollars when the drawings and specifications were ready to submit to the contractors for figuring. In the event of the plaintiff becoming a contractor for any part of the work there were to be certain changes in the charges. The affidavit of defense raises the question of law that the statement of claim does not set forth a cause of action; that the contract sued upon comprehends a professional, confidential relationship, capable of being performed and discharged only personally and individually and that a corporation may not lawfully contract to assume the duties, relationship and professional employment comprehended by the contract. The conclusion of the court was based upon the Act of July 12, 1919, P. L. 933; that the work to be done by the plaintiff was simply that of an architect, and stated: "The plaintiff was a corporation, and a corporation cannot secure the certificate required by the act cited qualifying it to practice the profession of an architect. The court will not lend its aid to assist a person in the performance of a contract prohibited by statute."

The Act of July 12, 1919, supra, is an act to regulate the practice of architecture in the Commonwealth of Pennsylvania. In its first twelve sections the act pro-

vides for the appointment and functioning of the State Board of Examiners of Architects, the method of qualification of architects previously engaged in the profession, the means and manner of admission and registration of members desiring to qualify and practice, and the qualifications of a registered architect. The 13th section prohibits "any person in the State of Pennsylvania to enter upon the practice of architecture in the State of Pennsylvania, or to hold himself or herself forth as an architect or as a 'registered architect,' or to use any word or any letters or figures indicating or intended to imply that the person using the same is a 'registered architect,' unless he or she has complied with the provisions of this act and is the holder of a certificate of qualification to practice architecture issued or renewed and registered under the provisions of this act." The concluding paragraph provides: "This act shall not be construed to prevent persons other than architects from filing applications for building permits or obtaining such permits; nor shall it be construed to prevent such persons from designing buildings and supervising their construction, provided their drawings are signed by the authors with their true appellation as engineer or contractor or carpenter or et cetera, but without the use in any form of the title of architect." The contract discloses that it contemplated sketches, working drawings and specifications and if desired, superintendence of the construction of the building and it was specifically stated that the drawings should be prepared under the direction of George J. Simons, architect. We find nothing in the case that would indicate that the plaintiff corporation offended against the act, or that it claimed to be an architect. If the above-quoted section of the act is read it will be noticed that the gist of the offense is for untrained persons "to practice architecture" and to hold themselves out as registered

architects. There is no averment in defendants' affidavit that Simons, who prepared the plans was not an architect. If this corporation had held itself out as an architect, then it would have come within the prohibition of the act, but we should not extend the plain provisions of a penal statute in order to lend our aid to the repudiation of a debt upon purely technical grounds. See Engle v. Capital F. Ins. Co., 75 Pa. Superior Ct. 390. It is significant, that section 13 above quoted, allows persons other than architects to design buildings and supervise their construction as long as they do not use the title of architect. If I wish to build a house I can buy a book of plans in a stationery store, or I can ask a cobbler to prepare plans and I see no reason why a corporation authorized to erect buildings may not furnish me with the requisite drawings, but all such persons must appear in their true light and dare not assume the title of architect. It is evident, considering the whole of the 13th section of the Act of 1919, that the words ''practice of architecture'' were not intended as prohibiting any person from doing the work usually done by an architect, but was aimed at such persons as claimed to be architects who were not or who, at least, could not or would not register and who, notwithstanding, still employed the professional title. As to any other prohibition, the teeth have been taken out of the act by the exceptions already noted. Assuming that the assertions contained in plaintiff's statement are true, we cannot see how it has offended against the act.

The order of the lower court entering judgment in favor of the defendant is reversed with a procedendo.