## Registration of Consulting Interior Architects.

HERTZLER, Special Dep. Att'y-Gen., June 21, 1929.—We have your request to be advised whether or not a person may use the term "consulting interior architect" in this Commonwealth without registering as an architect with your Board.

You state in your communication that the title "consulting interior architect" is used more or less extensively by interior decorators who desire to take up certain sides of architectural practice.

Section 13 of the Act of July 12, 1919, P. L. 933, provides that:

"On and after July first, one thousand nine hundred nineteen, it shall be unlawful for any person in the State of Pennsylvania to enter upon the practice of architecture in the State of Pennsylvania, or to hold himself or herself forth as an architect or as a 'registered architect,' or to use any word or any letters or figures indicating or intended to imply that the person using the same is a 'registered architect,' unless he or she has complied with the provisions of this act and is the holder of a certificate of qualification to practice architecture issued or renewed and registered under the provisions of this act.

"This act shall not be construed to prevent persons other than architects from filing applications for building permits or obtaining such permits; nor shall it be construed to prevent such persons from designing buildings and supervising their construction, provided their drawings are signed by the authors with their true appellation as engineer or contractor or carpenter or *et cetera*, but without the use in any form of the title of architect."

The Century Dictionary and Cyclopedia defines the word "consulting" as follows: "Acting in consultation or as an adviser; making a business of giving professional advice; as, a consulting barrister; a consulting physician; a consulting accountant."

The word "interior" is defined as "being within; inside of anything that limits, incloses or conceals; internal; further toward a center; opposed to exterior or superficial; as, the interior parts of a house or the earth."

As used in relation to art, it is defined as "an inside part of a building, considered as a whole from the point of view of artistic design or general effect, convenience, etc."

It is evident, therefore, that the words "consulting" and "interior," when used to modify the term architect, indicate that the architect gives, or is prepared to give, professional advice relative to the construction and artistic design of the interior of a building.

In the case of Simons, Brittain & English, Inc., v. Armstrong & Markell, 86 Pa. Superior Ct. 98, 102, Judge Trexler, in giving the opinion of the court, announced that although section 13 of the act allows others than architects to design buildings and supervise their construction, it only permits such work ". . . as long as they do not use the title of architect." The opinion of the court is that the act ". . . was aimed at such persons as claimed to be architects who were not or who, at least, could not or would not register and who, notwithstanding, still employed the professional title. . . ."

Every person using the term "consulting interior architect," therefore, holds himself or herself out as an architect, qualified to render a limited service in the general practice of architecture. Such persons must comply with the provisions of the Act of Assembly if they employ the professional title.

It is our opinion, and we so advise you, that persons using the title "consulting interior architect" must secure registration from your Board or subject themselves to the penal provisions for practicing as a registered architect without being so registered.

From C. P. Addams, Harrisburg, Pa.