Lindholm, Appellant, *v.* Mount et al.

Argued March 18, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*F. Lyman Windolph,* for appellant.

*Harris C. Arnold,* with him *Arnold, Bricker & Beyer,* for appellees.

OPINION BY ARNOLD, J., July 23, 1948:

Plaintiff appeals from refusal to take off a nonsuit entered in an action of assumpsit brought to recover for services under a written contract. The nonsuit was granted because the plaintiff, a Pennsylvania resident, sought to recover for engineering services performed in this state, and had not registered as an engineer in compliance with the Act of 1927, P. L. 820 (then in force), 63 PS §131 et seq.

The Act of 1927 providing, inter alia, for the registration of engineers, is not a revenue measure but was enacted under the police power of the Commonwealth. This is plain from the declaration in the first section thereof, 63 PS §131: *"In order to safeguard life, health, and property,* any person practicing, or offering to practice, the profession of engineering in any of its branches, including surveying, shall hereafter be required to submit evidence that he or she is qualified so to practice, and shall be registered as hereinafter provided; . . ."* (Emphasis supplied).

The same section provides: ". . . it shall be unlawful for any person to practice, or to offer to practice, the profession of engineering, in any of its branches, including surveying, in this Commonwealth, unless such person has been duly registered or exempted under the provisions of this act."

In the written contract upon which suit was brought the preamble declared: "Whereas . . . [defendants] . . . [are] desirous of employing the services of Lindholm [plaintiff] *in the capacity of a consulting engineer* in connection with the construction of . . . winches [under a Navy contract running to defendants only]." (Emphasis supplied). The plaintiff agreed thereunder "to prepare and furnish complete detailed shop drawings . . . in sufficient detail to meet the needs . . . in fabrication of the winches . . ." The contract had an escape clause operative ". . . in the event that it is necessary *to secure new engineers* to design all or any part [of imperfect drawings or plans that Lindholm engaged to prepare] . . ." (Emphasis supplied). The plaintiff contracted for an "engineering fee" of three per cent. It was conceded that the plaintiff had not registered in compliance with the Act of 1927, and that his services were to be performed in Pennsylvania, which was his residence.

Under the contract in question the plaintiff was required to, and did "practice, the profession of engineering" as proscribed by §1 of the Act. In and by said

contract he represented himself to be a professional engineer. By virtue of the contract he agreed to practice engineering and thereunder offered to perform these engineering services for the benefit of the defendants. Indeed, the plaintiff has always been an engineer and his principal livelihood was derived from such professional services.

Having failed to register or comply with the Act, he cannot recover for the services which it was unlawful for him to render. Under similar circumstances recovery was denied in *F. F. Bollinger Company v. Widmann Brewing Corporation,* 339 Pa. 289, 14 A. 2d 81, in which our Supreme Court said: "Plaintiff urges that, though it may have failed to comply with the requirements of the statutes, there is no express prohibition contained therein against the enforcement of contracts made in violation of their provisions; in other words, there is nothing in these acts which forbids recovery for the services it rendered. However, it is well settled that the courts will not lend their aid to the enforcement of unlawful contracts which are founded upon transactions in violation of a public policy declared by the legislature. We have followed this principle and denied recovery for services where there has been a failure to comply with statutory requirements for licensing and registration. In many such cases there was no express provision in the statutes denying recovery upon the contract."

Appellant suggests that the statute exempts him from registration in the event that he has a proprietary interest in the subject matter of the contract between the United States Navy and the present defendants. The Act makes no such exception, nor did the plaintiff have such proprietary interest. It is also claimed that the practice of engineering by the plaintiff was an isolated transaction which did not require him to register. The Act makes no such exception. Nor is the present instance isolated. Plaintiff performed engineering services for the Dravo Corporation at Pittsburgh, for Wiley

Equipment Company (but at Port Deposit, Maryland), and for Welchans Elevator Works, Inc. of Lancaster, Pa. He had and used a written schedule of fees and charges for engineering services. (This was not offered in evidence but was identified by the plaintiff and referred to in the opinion of the court below.) His engineering services were for sale, and by him had been sold.

The judgment is affirmed.