## Hildebrand v. Kline

*C. W. Dickson*, for plaintiff.

*E. Eugene Eves* and *Richard Henry Klein*, for defendant.

432

KREISHER, P. J., November 15, 1948.—The complaint filed in the above-captioned case sets forth that plaintiff, on or about December 1, 1945, entered into an oral contract with defendant whereby it was agreed that plaintiff was to render services to defendant as an estimating engineer for various contracts and other work which defendant should undertake to do for other persons, firms and corporations. Paragraph five of the complaint sets forth that the amount which defendant agreed to pay to plaintiff was one percent of the amount defendant was to receive for the work to be performed by defendant on the contracts with certain persons, firms and corporations, and in addition thereto plaintiff was to receive a weekly salary, which weekly salary was paid. Paragraph six provides that plaintiff performed the services for defendant as indicated on an exhibit, marked Exhibit "A", which is attached to the complaint and made a part thereof. Paragraph seven of the said complaint provides that in accordance with the amounts indicated on the exhibit there is a balance due and owing to the said plaintiff of $7,636.10, with interest from September 1, 1947.

Defendant, under Pa. R. C. P. 1028 of the Rules of Civil Procedure, filed preliminary objections to plaintiff's complaint, the first objection being that the complaint is not drawn in accordance with the Rules of Civil Procedure, and therefore, should be stricken off. Defendant contends that Pa. R. C. P. 1022 has not been complied with by plaintiff, which rule provides:

"Every pleading shall be divided into paragraphs numbered consecutively. Each paragraph shall contain as far as practicable only one material allegation."

It is contended by defendant that the exhibit attached to the complaint is improper, and that there is no authority for this type of pleading. An examination of the exhibit reveals that it is headed, "Boyd H. Kline Statement", then follows 16 separate items, on

the left-hand side of the page a date, after each date there is the name of a person, firm or corporation, evidently referring to work done by defendant for the person, firm or corporation named. On some of the items a figure in dollars and cents is stated which is followed by the numeral "1%" and then set out in a column on the right is the figure claimed by plaintiff. On two of the items, namely, "Aug. 1946 Bloomsburg Mills, Inc. plans for Dept. of Safety 350.00", and "Jan. 1947 Coplay Theatre—Coplay, Pa. plans for Dept. of Labor & Industry 50.00", there is no percent, nor is there any figure stated, but merely the amount claimed in the right-hand column. On page two of the exhibit certain credits are shown and the balance due stated, together with the statement that "The above amount is overdue. Kindly remit at once. Yours Truly,".

It is the contention of defendant that under the present pleading defendant is unable to intelligently prepare an answer, and that the present pleading is so lacking in material allegations, so confusing in the manner in which the claim is stated, and so far from compliance with both the letter and the spirit of Pa. R. C. P. 1022 that it is impossible for defendant to file an answer that will present a clear picture of the issues involved. It is the contention of defendant that each item should be set forth in the complaint as a separately numbered paragraph stating all of the material parts of the claim, so that defendant may take each one up separately and file an answer thereto.

Paragraph six of the complaint, which refers to the exhibit attached, in our opinion, violates the rule of pleading requiring that each paragraph of a complaint shall contain but one material allegation. As we view this pleading, it is our opinion that each transaction referred to in the exhibit as filed is a material allegation which should be pleaded in a separate paragraph

and treated separately, both in the complaint and the answer to be filed.

It is stated that preliminary objections now take the place of the motion to strike off under prior practice, and under Pa. R. C. P. 1028 it is provided that "All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading." The said rule further provides that "A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. . . ." However, no amended pleading was filed in this case, and, therefore, we have only to consider the original complaint and the preliminary objections filed thereto.

Defendant, in addition to moving the court to strike off the complaint, has moved the court for a more specific complaint, which, of course, is inconsistent with their first motion, but since we are inclined to grant the first motion, we do not deem it necessary to pass upon the motion for a more specific complaint, which motion is properly made under the rules, even though it is obviously inconsistent. It is our opinion that the issues can be more clearly determined by directing that a new complaint be filed than to permit the present complaint to stand and direct that a more specific complaint be filed. Under the latter circumstance we would be confronted at the time of trial with a number of complaints, and we believe it would be more difficult for both the court and the jury, as well as counsel, to have a number of complaints in the case, than to have just one complaint and answer.

Pa. R. C. P. 1019(a) provides:

"The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

However, it is possible for a pleader to make the statement in the pleading too concise and too summary

and thereby omit material facts which should be included, and insufficiently inform defendant of the complete grounds relied upon for recovery. It has been held in actions to recover compensation for services that plaintiff must aver with reasonable particularity the exact nature and extent of the services which were rendered by him, and that he must set forth in detail the terms of the agreement under which the services were performed, and by which the amount claimed is arrived at. In Hale v. Hale, 32 Pa. Superior Ct. 37, it is held that the complaint is to be a concise statement of plaintiff's demands, but in addition to merely being concise, it must also be precise; exhibiting with accuracy and completeness the ground on which recovery is sought.

Therefore, we conclude that the complaint filed in this case does not comply with the Pennsylvania Rules of Civil Procedure by reason of the fact that there is no authority in the law that we are able to find which permits the pleading of 16 different claims by attaching an exhibit which is referred to in a single paragraph, as it is our opinion that each claim is a material allegation and should be pleaded separately in a numbered paragraph, setting forth in detail all of the material facts surrounding that one transaction which plaintiff relies upon for recovery, thereby notifying defendant in detail of the basis of plaintiff's claim, so that defendant will be able to file an answer to each transaction. In 3 Standard Pa. Practice 121, §27, it is stated:

"Clearly, when a paragraph contains averments of two distinct facts, not being parts of, and not together amounting to and collectively making up, one fact concerning which there may be a single issue, but being so separate and disconnected that the averments may give rise to distinct issues, and the defendant may be compelled to deal with them separately in his affidavit,

and may wish to admit one and deny the other, the intended requirements of the statute are not met."

Even though the above statement refers to the Practice Act of May 14, 1915, P. L. 483, it is our opinion that rule 1022 in regard to paragraphing is to be construed the same as the same rule under the Practice Act, and what was said by the courts in regard to the requirement under the Practice Act is equally applicable to Pa. R. C. P. 1022.

Counsel for defendant contends that the complaint filed in this case should be stricken from the record for the additional reason that plaintiff claims the amount to be due him is due on account of services rendered as an estimating engineer, and the complaint fails to set forth that plaintiff is a registered engineer in the State of Pennsylvania, and therefore plaintiff is barred from recovery for engineering services performed by him in Pennsylvania unless he is first registered, and alleges that fact in the complaint. Counsel for defendant relies upon the case of Lindholm v. Mount et al., 163 Pa. Superior Ct. 36. We are of the opinion that it is not necessary for us to pass upon this additional proposition for the disposal of the present preliminary objection. However, we believe that the case at bar and the case relied upon by counsel for defendant are different in nature, and that the same reasoning in the Superior Court case would not apply in the case at bar for the reason that it is stated in the complaint as filed that plaintiff was employed only as an estimating engineer by defendant and not as a consulting or active engineer in the actual construction work. It is our understanding of an estimating engineer to work solely for the benefit of the contractor in determining what his bids should be on a particular set of plans, whereas an engineer who draws up the plans is the person who owes a duty to safeguard life, health and property, and we do not believe that same

duty is owed to the public by an estimating engineer. We, however, do not pass upon this question at this time, as it is not necessary for decision under the present motions.

For the foregoing reasons the motion to strike off plaintiff's complaint contained in defendant's preliminary objections to plaintiff's complaint is granted, and it is ordered as follows:

And now, to wit, November 15, 1948, it is ordered and decreed that plaintiff's complaint filed in the above-captioned case is stricken from the record, and plaintiff is allowed to file a new complaint within 30 days from the date of this order of court.

The costs of this proceeding to follow the verdict.