## Architectural Services

748

SIDNEY MARGULIES, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, June 18, 1958.—You have asked this department to render an opinion interpreting the Architects' Law [1] in order that the State Board of Examiners of Architects may resolve certain problems before them.[2] We shall state each problem and give our advice in the subsequent paragraphs.

I. To what extent may an engineer perform architectural work?

The fifth paragraph of section 13 of the Architects' Law provides:

"Nothing in this act shall be construed to apply . . . to any person who is qualified under the law to use the title 'registered professional engineer', but such person may do such architectural work as is incidental to his engineering work; . . ."

The extent to which an engineer may perform architectural work is clearly set forth in the above section. "The practice of architecture" is defined in the second

---

[1] The Act of July 12, 1919, P. L. 933, as amended by the Act of April 24, 1933, P. L. 64, and the Act of June 27, 1939, P. L. 1188, 63 PS §§21-33, 71 PS §§1181-1185.

[2] Your request listed seven specific requests. This opinion deals solely with the first five. Numbers six and seven shall be answered in a separate opinion to be susbequently issued.

paragraph of section 13 of the act [3] and, therefore, "architectural work" would be the performance of one or more of the activities therein described. It is then solely a question of fact as to whether a particular activity is architectural work within the meaning of that phrase as so defined. In determining whether the particular architectural work being performed is "incidental to his engineering work", you may be guided by the definition of "incident" found in Webster's New International Dictionary, 2nd Ed. (1940) :

"Dependent on, or appertaining to, another thing (the *principal*) ; directly and immediately pert. [inent] to or involved in, something else, though not an essential part of it." [4]

Therefore, it is our opinion that a registered professional engineer may perform activities which have been included within the concept of "the practice of architecture" under the Architects' Law when such activity is incidental to, that is, directly and immediately pertinent to or involved in, his engineering work.

II. May a corporation legally enter into and perform architectural contracts?

Section 16 of the Architects' Law provides:

---

[3] *"The practice of architecture consists of rendering or offering to render service to clients by consultations, investigation, evaluations, preliminary studies, plans, specifications, contract documents and a coördination of structural factors concerning the aesthetic or structural design and supervision of construction of buildings or any other service in connection with the designing or supervision of construction of buildings* located within the boundaries of the Commonwealth, regardless of whether such persons are performing one or all of these duties, or whether they are performed in person or as the directing head of an office or organization performing them": 63 PS §28. (Italics supplied.)

[4] See Korr v. Butz, 156 Pa. Superior Ct. 516, 520, 40 A. 2d 699 (1944).

"It shall hereafter be unlawful for any nonregistered person or for any corporation to seek to avoid the provisions of this act by having a representative or employe seek architectural work in their behalf or for them.

"No firm, company, partnership, association or corporation shall be registered as an architect.

"Persons not registered in this Commonwealth as architects shall not claim nor represent their services or work as equivalent to the services or work of a duly qualified registered architect, or that they are qualified for any branch or function of architectural practice, even though no form of the title of 'architect' is used." [5]

In the case of F. F. Bollinger Company v. Widmann Brewing Corporation, 339 Pa. 289, 14 A. 2d 81 (1940), the Pennsylvania Supreme Court held that a contract by a corporation to perform architectural services was in violation of the foregoing section of the act which prohibits a corporation from qualifying as an architect, and, therefore, prevents a corporation from holding itself out as an architect and from entering into the practice of architecture under section 13 of the act.[6] In the course of its opinion the court held the practice of architecture to be a profession.[7] The ruling

---

[5] 63 PS §31.

[6] "On and after July first, one thousand nine hundred nineteen, *it shall be unlawful for any person* in the State of Pennsylvania *to enter upon the practice of architecture in the State of Pennsylvania,* or to hold himself or herself forth as an architect or as a 'registered architect', or to use any word or any letters or figures indicating or intended to imply that the person using the same is a 'registered architect', *unless he or she has complied with the provisions of this act and is the holder of a certificate of qualification to practice architecture issued or renewed and registered under the provisions of this act*": 63 PS §28. (Italics supplied.)

[7] ". . . Architecture and engineering are learned professions with high standards for membership, and it is the intention of

of the case was that a contract by a corporation for the performance of architectural services was in violation of public policy and unenforceable.

Therefore, it is our opinion that a corporation which enters into or performs a contract which involves the practice of architecture violates the Architects' Law and is subject to the penalties imposed by section 14 of the act.[8] The contract is unlawful and unenforceable.

III. May engineers and architects, employes of corporations, enter into and perform contracts for architectural work in conjunction with such corporations?

A corporation is an artificial person created by statute; it can act only through agents, who are natural persons and who may be its officers or employes. Therefore, the legal significance of our holding that a corporation may not perform architectural work is that no agent, officer or employe of the corporation may enter into such activity on behalf of the corporation. Our Supreme Court, in the leading case of Neill v. Gimbel Brothers, Inc.,[9] quoted with approval the following statement:

---

the legislature that they should be protected from the encroachments of unauthorized practice, so that the public may not be injured thereby. . . .": 339 Pa. 289, at page 295 (1940).

[8] "Any person violating any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced for the first offense to pay a fine of not less than fifty dollars nor more than one hundred dollars, or to undergo an imprisonment in the county jail of not more than three months, either or both, at the discretion of the court; and for a second or any subsequent offense shall be sentenced to pay a fine of not less than two hundred dollars nor more than five hundred dollars, or to undergo an imprisonment in the county jail of not more than six months, either or both, at the discretion of the court": 63 PS §29.

[9] 330 Pa. 213, 219, 199 Atl. 178 (1938).

". . . The rule is generally recognized that a licensed practitioner of a profession may not lawfully practise his profession among the public as the servant of an unlicensed person or a corporation; and that, if he does so, the unlicensed person or corporation employing him is guilty of practising that profession without a license. . . ."

Furthermore, what the law prohibits may not be done by indirection or subterfuge. A registered architect employed by a corporation may not perform architectural work which is ultimately destined for use by clients of the employer corporation unless certain requisite distinctions are present, regardless of the form in which the transaction takes place. Corporate officers or employes who are registered architects may perform architectural work which is for the ultimate use of their employer without restriction under the Architects' Law since such activity would not be within "the practice of architecture" which the act limits to the "rendering or offering to render services to clients".

Corporate officers or employes, who are registered architects, may perform architectural work as a service to clients for themselves, but they must do so as individuals, self-employed, or as principal members of firms, and they must sign and seal all plans and specifications in their individual capacity. They must receive the compensation for this work and they, as individuals, must bear the legal responsibility for this work. Their work must be performed as independent contractors and not as employes. Arrangements which, on the surface, purport to conform to these legal requirements, but which are part of a plan by which a corporation, in fact, receives the benefits and assumes the burdens of the architectural work would violate section 14 of the act.

This opinion, of course, does not deal with any situations which are not in violation of the Architects' Law, but are considered undesirable or unethical among the members of the architectural profession. Such matters are properly within the scope of the professional society and must be dealt with by them.

We have already indicated the extent to which engineers may do architectural work. Our comments and opinion as previously stated are relevant here.[10]

Therefore, it is our opinion that a corporate officer or employe who is a registered professional engineer may do architectural work only if it is incidental to the engineering work performed by the engineer. However, it is our opinion that a registered architect who is a corporate officer or employe may perform architectural work without restriction under the Architects' Law for the use of the corporate employer when the corporation does not "render or offer to render [such architectural] services to clients" within section 13 of the act. Lastly, it is our opinion that when a registered architect performs architectural work for a corporation while an officer or employe of the corporation and when the corporation "renders or offers to render [such architectural] services to clients", both the registered architect and the corporation are acting in violation of the Architects' Law.[11]

---

[10] See fifth and sixth paragraphs of section 13 of the act, 63 PS §28, for certain other exceptions, not here relevant, which permit certain persons, not registered architects, to perform certain limited types of architectural activities.

[11] In the case of Michael Baker, Jr., Inc., v. Chambers, 183 Pa. Superior Ct. 634, 133 A. 2d 589 (1957), the Superior Court allowed recovery by a plaintiff corporation on a completed contract for architectural services performed by a registered architect. The opinion written by Judge Hirt was, by its own terms, specifically limited to the circumstances of the particular case involved. The case, however, did not expressly state that there was no violation of the Architects' Law, which is all that we are here dealing with.

IV. May municipalities, as well as the Commonwealth or agencies thereof, contract with corporations and engineers to perform architectural work?

The only provision in the Architects' Law pertaining to the Commonwealth or its political subdivisions appears in section 17 [12] of the act. However, this section in no way enlarges the authority of the Commonwealth or its subdivisions beyond that of a private citizen in its dealings with third parties. The mere fact that the Commonwealth is not otherwise expressly designated in the statute does not mean that the Commonwealth, or its subdivisions, is not affected by it. Where a statute deals with the public good and the prevention of injury and wrong, the Commonwealth is most certainly affected. [13] Therefore, the Commonwealth, its subdivisions, as well as any person, would be entering into a contract which would violate public policy as expressed by the legislature. Furthermore, in view of the act's specific reliance upon the Commonwealth's police power, [14] there is a duty on the part of any public officer to refrain from entering into any contract which would entail a violation of the act on the part of the other party.

Therefore, it is our opinion that the Commonwealth and the political subdivisions thereof may contract

---

[12] "Nothing in this act shall be construed to prevent the continuation in office by the board of an official of this Commonwealth, or subdivision thereof, who for at least ten years prior to the passage of this amendment to the act, has been called upon to pass on or direct the work of architects whose plans are submitted for approval of any department under the laws of the Commonwealth, even if such official has not qualified as the author of plans and shall not have been in the continuous practice of architecture for profit": 63 PS §32.

[13] See Pittsburgh Public Parking Authority Petition, 366 Pa. 10, 14, 76 A. 2d 620 (1950).

[14] Paragraph 4 of section 13, 63 PS §28, infra, p. 11.

with registered professional engineers to perform architectural work in conformity with the provisions of the Architects' Law only when such activity is to be incidental to, that is, directly and immediately pertinent to or involved in, their engineering work.[15] Further, it is our opinion that the Commonwealth and the political subdivisions thereof may not contract with corporations to perform architectural work.

V. To what extent may engineers and corporations advertise on their letterheads that they perform architectural services?

Section 13 of the act provides in pertinent part:

"In order to safeguard life, health and property, no person shall . . . use the title 'architect', or display or use any words, letters, figures, title, sign, card, advertisement, or other device to indicate that such person practices or offers to practice architecture, or is an architect or is qualified to perform the work of an architect, unless such person shall have secured from the board a certificate of qualification and registration or an affidavit card in the manner herein provided, and shall thereafter comply with the provisions of the laws of the Commonwealth of Pennsylvania governing the registration and licensing of architects."

The clear meaning of the above statement precludes the need for any interpretation on the part of this department. Therefore, it is our opinion that corporations or engineers may not, in any way, advertise on their letterheads that they perform architectural services. Such advertisements would violate the Archi-

---

[15] In view of the decision in Baker v. Chambers, supra, footnote 12, we are constrained to hold that all contracts with the Commonwealth or its subdivisions presently being performed by corporations or engineers must be fulfilled according to their terms. However, all future contracts should be entered into in conformity with this opinion.

tects' Law and would result in prosecution under section 14 of the act.

## Summary

It is our opinion, and you are accordingly advised that:

1. A registered professional engineer may perform activities which have been included within the concept of "the practice of architecture" under the Architects' Law when such activity is incidental to, that is, directly and immediately pertinent to or involved in, his engineering work.

2. A corporation may not enter into or perform a contract either directly or indirectly through any officer, employe or agent which involves the practice of the profession of architecture as defined by the Architects' Law.

3. A registered architect who is a corporate officer or employe may perform architectural work without restriction under the Architects' Law for the use of the corporate employer when the corporation does not "render or offer to render [such architectural] services to clients" within section 13 of the act.

4. The Commonwealth and the political subdivisions thereof may contract with registered professional engineers to perform architectural work in conformity with the provisions of the Architects' Law only when such activity is to be incidental to, that is, directly and immediately pertinent to or involved in, their engineering work.

5. The Commonwealth and the political subdivisions thereof may not contract with corporations to perform architectural work.

6. Corporations or engineers may not, in any way, advertise on their letterheads that they perform architectural services.