## Rudy, Admx. v. Friedman

*Earle J. Patterson,* for plaintiff.
*Guy G. deFuria,* for defendants.

LIPPINCOTT, J., April 23, 1971.—Plaintiff's action in assumpsit seeks damages under an oral contract between plaintiff's decedent and defendants whereby the former rendered "professional architectural services" for defendants, consisting of the preparation of plans and drawings for a complex of apartment buildings. Defendants have filed a preliminary objection in the nature of a demurrer to plaintiff's amended complaint on the sole ground that plaintiff's decedent was not a registered architect as required by the Act of July 12, 1919, P.L. 933, as amended, 63 PS §21, et seq., and, therefore, his estate cannot recover for such services.

The amended complaint avers that decedent was not a registered architect in the Commonwealth, but was an "associate" of a registered architect, whose seal was affixed to the final plans prepared by decedent. It is stated that defendants were fully aware of these facts throughout the course of dealings between the parties and argued that, since there was no misrepresentation, plaintiff is entitled to compensation for the services performed.

In support of her position, plaintiff relies upon Simons v. Armstrong, 86 Pa. Superior Ct. 98 (1926), in which a corporation was permitted to recover for architectural services on the theory that the Act of 1919 was not violated. However, as will be noted, the original Act of 1919 only prohibited a person from holding himself out as an architect. The court said, pages 101-102:

"We find nothing in the case that would indicate that the plaintiff corporation offended against the act, or that it claimed to be an architect . . . If this corporation had held itself out as an architect, then it would have come within the prohibition of the act . . ."

Both sides cite F. F. Bollinger Co. v. Widmann B.

Corp., 339 Pa. 289, 14 A. 2d 81 (1940), wherein a corporation was denied recovery on the basis that it had held itself out as an architect in violation of the act. The following statements in the opinion (pages 293, 294) are apposite:

"Plaintiff urges that, though it may have failed to comply with the requirements of the statutes, there is no express prohibition contained therein against the enforcement of contracts made in violation of their provisions; in other words, there is nothing in these acts which forbids recovery for the services it rendered. However, it is well settled that the courts will not lend their aid to the enforcement of unlawful contracts which are founded upon transactions in violation of a public policy declared by the legislature. We have followed this principle and denied recovery for services where there has been a failure to comply with statutory requirements for licensing and registration. In many such cases there was no express provision in the statutes denying recovery upon the contract.

"For example, we have refused recovery of compensation to unlicensed insurance brokers despite the absence of a specific expression of legislative intent. See Reilly v. Prudential Ins. Co. of A., 264 Pa. 61. In Golder v. Rabinowitz, 125 Pa. Superior Ct. 573, it is said (p. 579): 'The plaintiff cannot recover for a service which he was prohibited by the statute from performing; . . . The clear purpose and intent of the Act . . . is, that the transaction of business contrary to law should not receive the aid of courts, by permitting recovery of commissions . . .' Even before the passage of the Act of May 1, 1929, P.L. 1216, expressly denying recovery of compensation to unlicensed real estate brokers, we held that the contracts of such persons were unenforceable. See Johnson v. Hulings, 103 Pa. 498; Verona v. Schenley Farms Co.,

312 Pa. 57, 65-66; Sherman v. Welsh, 87 Pa. Superior Ct. 282. In Luce v. Cook, 227 Pa. 224, we said (p. 225): 'This rule rests upon the theory that since the law prohibits under a penalty the doing of business by unlicensed brokers, contracts providing for the payment of commissions to such persons are opposed to good morals and public policy and cannot be enforced.' "

We fully agree with the rationale of the Bollinger case and concur in its applicability to the case at bar. However, the test employed in both Simons and Bollinger, i.e., whether plaintiff wrongfully held himself out as a registered architect, is no longer the sole criterion. Prior to the 1939 amendment to the 1919 Act, section 13 thereof provided as follows:

"This act shall not be construed to prevent persons other than architects from filing applications for building permits or obtaining such permits; nor shall it be construed to prevent such persons from designing buildings and supervising their construction, provided their drawings are signed by the authors with their true appellation as engineer or contractor or builder or carpenter, but without the use in any form of the title of architect": Act of 1919, July 12, P.L. 933, sec. 13, as amended by Act of 1933.

In both the Simons and Bollinger cases, the above language was quoted as controlling. However, the amendatory Act of June 27, 1939, P. L. 1188, deleted this clause and substituted, inter alia, the following, 63 PS §28:

"The practice of architecture consists of rendering or offering to render service to clients by . . . preliminary studies, plans, specifications, . . . or any other service in connection with the designing or supervision of construction of buildings located within the boundaries of the Commonwealth, . . .

"An architect, within the meaning of this act, is an individual licensed under the laws of this Commonwealth to practice architecture.

"In order to safeguard life, health and property, no person shall practice architecture in this Commonwealth or engage in preparing plans, specifications or preliminary data for the erection or alteration of any building located within the boundaries of this Commonwealth, . . . unless such person shall have secured from the board a certificate of qualification and registration . . . and shall thereafter comply with the provisions of the laws of the Commonwealth of Pennsylvania governing the registration and licensing of architects."

In addition, a new section 16 was added, which provides, in part, as follows, 63 PS §31:

"Persons not registered in this Commonwealth as architects shall not claim nor represent their services or work as equivalent to the services or work of a duly qualified registered architect, or that they are qualified for any branch or function of architectural practice, *even though no form of the title of 'architect' is used*." (Italics supplied.)

It is apparent to us that by these amendments the legislature intended to proscribe the practice of architecture by unlicensed and unregistered practitioners within the Commonwealth, *whether or not* they held themselves out to be registered architects. Plaintiff's decedent admittedly performed "professional architectural services" without first having complied with the registration and licensing provisions of the act and thus plainly violated the law.

The fact that the plans were stamped with the seal of a registered architect is not a compliance with the act. It is not alleged that plaintiff's decedent was an employe or employer of the architect whose seal is af-

fixed. Furthermore, plaintiff's allegation that the seal of an architect who did not prepare the plans is attached would appear to set forth a direct violation of section 15 of the act, 63 PS §30, which provides:

"No person shall designate or imply that he or she is the author of a set of plans or specifications except if he or she was or is in responsible charge of their preparation, whether made by them personally or under his or her immediate supervision."

Plaintiff also relies heavily upon Baker v. Chambers, 183 Pa. Superior Ct. 634, 133 A. 2d 589 (1957), decided after the passage of the 1939 amendment to the act. In that case, a corporation was permitted to recover for architectural services performed by its employe, *a registered architect.* Although plaintiff was technically in violation of the amended act, the court apparently was reluctant to deny recovery, since the work was entirely performed by a properly registered architect who in no way was guilty of misrepresentation. The court went on to quote at length from the opinion in the Simons case, decided under the prior act, then incorrectly stated as dicta that the Bollinger case was decided in light of the 1939 amendment.[1] We have no difficulty in limiting Baker v. Chambers, supra, to its peculiar facts, as did the Superior Court itself.[2]

---

[1] The decision in Bollinger, although handed down some nine months after the 1939 amendment was enacted, was based on underlying facts which took place in 1933 and an appeal from a trial held in 1936, all of which preceded the amendment. The Bollinger court thus properly disregarded the amendment of 1939.

[2] The opinion states, page 637: "The defendants' appeal . . . raises the single question whether the plaintiff corporation may collect for architectural services *under the circumstances of this case*" (Italics supplied.)

Our own research, as well as that of counsel, discloses only one recent case factually similar to the case at bar. In Schurko v. Polachek, 106 Pitts. L.J. 321 (1958), plaintiff was allowed recovery for architectural services rendered, although he was not registered under the act, on the old theory that he had not held himself out as more than what he was. The court cites no authority for its decision, and obviously has ignored the language of the Supreme Court in Bollinger, as well as the 1939 amendment. Furthermore, defendant apparently failed to raise the question of the legality of the contract at trial and took no exception to the court's charge on this issue. We choose not to follow this opinion of our coordinate court.

The purpose of the amended act is to protect the public from the encroachments of unauthorized practice, which may expose it to injury. In the present case, plaintiff's decedent plainly violated the amended act in its essence. This court will not lend its aid to the enforcement of an illegal contract. See Bollinger, supra. While the result may appear harsh if defendants are permitted to evade an obligation, it is a hardship created by the conduct of plaintiff's decedent in entering into such an illegal contract.

For an identical result under similar provisions of the Professional Engineers Registration Law of May 23, 1945, P.L. 913, 63 PS §148, et seq., see Howarth v. Gilman, 164 Pa. Superior Ct. 454, 65 A. 2d 691 (1949). Also to the same effect, although decided under an earlier statute, is Lindholm v. Mount, 163 Pa. Superior Ct. 36, 60 A. 2d 422 (1948).

## ORDER

Now, April 23, 1971, defendant's preliminary objection is sustained and plaintiff's amended complaint is dismissed.