**BAUMAN AND VOGEL, C.P.A.**

v.

**Dr. Leonard DEL VECCHIO et al.**

**Civ. A. No. 75–1814.**

United States District Court,
E. D. Pennsylvania.

Oct. 29, 1976.

Barry S. Yaches, Philadelphia, Pa., for plaintiff.

George J. Lavin, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

*Introduction*

This is a diversity action based upon an alleged breach of contract. Plaintiff, a professional corporation incorporated under the laws of New Jersey with its place of business at 571 Pompton Avenue, Cedar Grove, New Jersey, alleges that defendants failed to pay plaintiff the reasonable value of professional accounting services rendered. Defendant Leonard Del Vecchio is a doctor living in Douglasville, Pennsylvania, and is the sole shareholder of defendants, Physicians Medical Center, Inc.; Berks Medical and Dental Center, Inc.; and Associates and Physicians Health Service Plan, Inc., all Pennsylvania corporations.[1] Defendants have filed a motion to dismiss under Rule 12(b)(6), F.R.Civ.P., or in the alternative for summary judgment under Rule 56. For the reasons hereafter stated, the motion will be granted.

*The Complaint*

According to the complaint, Dr. Del Vecchio verbally requested the professional services of Samuel Bauman[2] in his capacity as a certified public accountant in connection with several of defendants' corporate ventures which required financial and accounting support. Thereafter, from June 1973 until August 1974, Messrs. Bauman and Vogel, on behalf of the plaintiff, performed various accounting services relying on Dr. Del Vecchio's verbal promises to pay plaintiff the reasonable value thereof. Despite his request for and promise to pay for these services, Dr. Del Vecchio allegedly refused to pay plaintiff $100,000, the reasonable value of the services performed. Plaintiff also alleges that Dr. Del Vecchio defrauded the plaintiff since he made the

1. A suggestion of the death of Virginia Del Vecchio has been filed pursuant to Rule 25(d)(1), F.R.Civ.P.

2. Samuel Bauman and Martin Vogel are the principal shareholders of Bauman & Vogel, C.P.A.

promises without any intention to honor them, thus entitling plaintiff to punitive damages.[2a]

### The Defendants' Motion

Defendants have raised two separate contentions in support of their motion to dismiss or in the alternative for summary judgment. First, they argue that plaintiff, a New Jersey Corporation, never registered to do business in Pennsylvania as required by Pennsylvania's Business Corporation Law, 15 P.S. § 2001[3] and cannot enforce its alleged contract because of the prohibition of 15 P.S. § 2014.[4] Second, they contend that the alleged contract for certified accounting services was illegal under the Pennsylvania C.P.A. Law, 63 P.S. § 9.1 *et seq.* and thus cannot be enforced. Because we agree with defendants that the alleged contract, having an unlawful purpose, is unenforceable, we need not discuss their first argument.

### Certified Public Accounting

Certified public accounting is one of many professional occupations subject to extensive statutory and administrative regulation in Pennsylvania.[5] Pursuant to the Pennsylvania "C.P.A." Law, 63 P.S. § 9.1 *et seq.*, the State Board of Examiners of Public Accountants is empowered to regulate the practice of public accountancy and has the authority, *inter alia*, to grant certification to public accountants, conduct licensing examinations, collect fees, issue permits to practice and promulgate rules of professional conduct appropriate to establish and maintain a high standard of integrity and dignity in the profession of public accountancy. 63 P.S. § 9.3. The Act also defines

and prohibits certain unlawful acts. 63 P.S. § 9.12. Among these prohibited acts is the use by a person, not a certified public accountant, of the designation "certified public accountant" or "C.P.A." or any other like designation tending to indicate that such person has received or has been notified by the State Board that he is qualified to receive a certificate authorizing such use. 63 P.S. § 9.12(a).

It is undisputed that the plaintiff, Bauman and Vogel, C.P.A., neither procured the requisite public accountancy certificate from the Pennsylvania State Board prior to rendering the professional services requested nor did it comply with the applicable procedures for certificates issued by reciprocity. *See* 63 P.S. § 9.15 (Exhibit B, defendants' memorandum.) Nevertheless, plaintiff avers in ¶ 8 of the complaint:

"8. Between the months of June 1973 and August 1974, plaintiffs, in their capacity as certified public accountants, performed professional services for the defendants upon the verbal request of defendant Dr. Leonard Del Vecchio, acting as aforedescribed."

The essential purpose of this contract as alleged in the pleadings was to provide professional services as certified public accountants. As such, the contract was illegal since the plaintiff's primary contractual duty was to perform an unlawful act as defined in 63 P.S. § 9.12. At the time the contract was entered into, plaintiff had not qualified under the applicable Pennsylvania C.P.A. Law to use the designation "certified public accountant" or "C.P.A." and its use of such a designation was an act expressly prohibited in the statute, 63 P.S. § 9.12(a).[6] Plaintiff neverthe-

---

**2a.** See Count II of the complaint.

**3.** 15 P.S. § 2001 provides in pertinent part:
"A. A foreign business corporation, before doing any business in this Commonwealth, shall procure a certificate of authority to do so from the Department of State, in the manner hereinafter provided in this article * * *".

**4.** 15 P.S. § 2014 provides in pertinent part:
"A. No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to

maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority. * * *"

**5.** *See generally* Title 63, Purdon's *Pa.Stat.Ann.*

**6.** 63 P.S. § 9.12(a) provides in full:
"(a) It is unlawful for any person (1) to assume or use the title or designation 'certified public accountant,' or the abbreviation 'CPA,' or any other title, designation, words, letters, abbreviation, sign, card or device, tending to

less employed the designation, "Bauman and Vogel, Certified Public Accountants, A Professional Corporation", in a letter dated January 15, 1974 [7] to Berks Medical & Dental Center, Birdsboro, Pennsylvania, in which plaintiff stated:

" * * * [W]e have prepared from your books and records, without audit, statements as of September 30, 1973, as shown in the table of contents." (Exhibit A–1, defendants' memorandum.)

Moreover, during the relevant period in which the plaintiff allegedly rendered professional services, June, 1973 until August, 1974, it was unlawful under the C.P.A. Law for a person or corporation to sign or affix a corporate name

" * * * with any wording indicating that it is a corporation performing services as certified public accountants or composed of certified public accountants to any accounting or financial statement or to any report on, or certificate to, any accounting or financial statement. 'Corporation' and 'corporate,' as used in this paragraph, includes reference to any limited partnership, partnership, association or other organization providing for limited liability of the members of partners." 63 P.S. § 9.12(e).

It is undisputed that since October, 1972, plaintiff had been organized as a professional corporation under the laws of New Jersey (Dep. of Samuel Bauman at 6). Although the Pennsylvania C.P.A. Law was later amended in December, 1974 to permit qualified corporations to engage in certified public accounting, see 63 P.S. § 9.8a(b), the plaintiff cannot escape the fact that it, as a New Jersey corporation, performed the professional services for which compensation is now claimed in violation of the then applicable Pennsylvania law outlawing corporate practice of certified public accounting.

It is a well-settled and long-standing rule in Pennsylvania that a court will not enforce a contract which is founded upon transactions in violation of the public policy as declared by the legislature. Recovery for professional services rendered has been denied when the claimant has failed to comply with applicable statutes regulating professional licensing and certification, even though the relevant statute did not expressly prohibit enforcement of such a contract. *F. F. Bollinger Co. v. Widemann Brewing Co.,* 339 Pa. 289, 14 A.2d 81 (1940) (Court will not permit an unregistered architect and engineer to recover for services rendered illegally); *Verona v. Schenley Farms Co.,* 312 Pa. 57, 167 A. 317 (1933) (real estate broker); *Howarth v. Gilman,* 164 Pa. Super. 454, 65 A.2d 691 (1949) (engineer); *Lindholm v. Mount,* 163 Pa.Super. 36, 60 A.2d 422 (1948) (engineer); *Rudy v. Friedman,* 54 D. & C.2d 628 (C.P.Delaware County, 1971) (architect).

Although in our research we did not find any cases on certified public accountants, we conclude that the plaintiff, having entered into an illegal contract for professional services, cannot recover for such services. The policy of the law is clear—if the contract is for an illegal purpose, the court may not lend its aid to enforce it, but must leave the parties where it finds them.

Plaintiff argues two points: first, that the services rendered were merely "temporary", thus falling within an exception as provided in 63 P.S. § 9.13:

who has registered under the provisions of section 8.1 of this act, and who holds a live permit issued under section 8.2 of this act, may use the title under which he is permitted to practice in his country, followed by the name of the country from which he received his certificate license or degree."

7. As provided in 63 P.S. § 9.15, a "general course of conduct" in violation of the Act may be proved by evidence of the commission of a single act.

indicate that such person is a certified public accountant unless such person has received, or has been notified in writing by the board that he has qualified to receive a certificate of certified public accountant issued by this Commonwealth, which is not revoked or suspended, or (2) to assume or use such title, designation or abbreviation in the practice of public accounting unless he also holds a permit issued under section 8.2 of this act, which is not revoked or suspended, hereinafter referred to as a 'live permit': Provided, That a foreign accountant

"Nothing contained in this act shall prohibit a certified public accountant of another state or political subdivision of the United States, or any accountant who holds a certificate, degree or license in a foreign country constituting a recognized qualification for the practice of public accounting in such country, from temporarily practicing in this Commonwealth on professional business incident to his regular practice outside this Commonwealth: Provided, That such temporary practice is conducted in conformity with the regulations and rules of professional conduct promulgated by the board. 1947, May 26, P.L. 318, § 13; 1961, Sept. 2, P.L. 1165; § 10."

We cannot agree. The crucial phrase is "temporarily practicing in this Commonwealth on professional business incident to his regular practice outside this Commonwealth". Read in context with the definitions of "unlawful acts", 63 P.S. § 9.12, and the evidentiary impact of proof of a single act of unlawful practice, 63 P.S. § 9.15, this section cannot be interpreted as broadly as plaintiff suggests. Rather, we believe the correct interpretation of the meaning of the words "*temporarily . . . incident* to his regular practice" plainly proscribes the extensive and costly services plaintiff allegedly performed here. There is nothing *temporary* about accounting services which allegedly spanned more than a year and which cost $100,000. The word *incident* suggests, if it does not compel, the conclusion that such certified public accounting services temporarily performed in Pennsylvania must be incidental to or secondary to professional services being rendered to an out-of-state client. Taking an inventory in an out-of-state client's warehouse located in Pennsylvania would, we think, constitute temporary practice as an incident to an accountant's services to that out-of-state client. Here, in sharp contrast, extensive services were rendered entirely on behalf of a *Pennsylvania* client and were performed almost exclusively *in* Pennsylvania. (*See* Dep. of Bauman, at 29–30, 32, 40, 49, 51, 57–59, 64–65, 69).

 Plaintiff's second point is that because the C.P.A. Act is "penal" and the Act does not expressly destroy the right of plaintiff to enforce its contracts by appropriate legal process, the strict construction required by the Pennsylvania Statutory Construction Act, 1 Pa.C.S. § 1928, precludes the penalty of dismissal. We disagree. The whole purpose of this alleged contract was illegal because it involved the performance of acts which were expressly declared unlawful under the public policy detailed in the statute regulating certified public accountants. Moreover, as provided in 1 Pa.C.S. § 1922(5), it is presumed that ". . . the General Assembly intends to favor the public interest as against any private interest". Since the alleged contract had an illegal purpose, the policy of the law requiring protection of the public interest is served by leaving the parties where the Court finds them. *Bollinger, supra.*

We have found no genuine issue of material fact and conclude that defendants are entitled to judgment as a matter of law. Since we have considered matters outside the pleadings, we will grant defendants' motion for summary judgment.