Pittsburgh Public Parking Authority Petition.

Argued October 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Charles F. C. Arensberg,* with him *Ella Graubart* and *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*James J. Lawler,* with him *Prichard, Lawler, Malone & Geltz,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 20, 1950:

This is a petition by the Public Parking Authority of Pittsburgh for a declaratory judgment seeking a judicial determination that the Act of 1913, May 1, P. L.

155, sec. 1, 53 PS 1501, which requires separate bids be taken for plumbing, heating, ventilating and electrical work, is inapplicable to petitioner. The National Electrical Contractors Association, Western Pennsylvania Chapter, Inc., filed an answer. The parties entered into a stipulation of facts. The court below entered a decree for respondent, ruling that the Act applies to petitioner, the Public Parking Authority. Petitioner appealed.

Petitioner contends: (a) Petitioner is an agency of the Commonwealth and the Act of 1913 does not apply to the Commonwealth or its agencies; (b) Even if the Act of 1913 were applicable to an agency of the Commonwealth, it does not apply to the appellant because the Act of 1913 is inconsistent with the Parking Authority Law and is repealed by it; (c) In any event the garages which the appellant proposes to build are not public buildings within the meaning of the Act of 1913 so long as the bonds of the appellant are outstanding.

The Act of 1913 P. L. 155 provides as follows: "Section 1. Be it enacted, &c., That hereafter in the preparation of specifications for the erection, construction, and alteration of any public building, when the entire cost of such work shall exceed one thousand dollars, it shall be the duty of the architect, engineer, or other person preparing such specifications, to prepare separate specifications for the plumbing, heating, ventilating, and electrical work; and it shall be the duty of the person or persons authorized to enter into contracts for the erection, construction, or alteration of such public buildings to receive separate bids upon each of the said branches of work, and to award the contract for the same to the lowest responsible bidder for each of said branches. "Section 2. All acts or parts of acts inconsistent herewith are hereby repealed."

The Parking Authority Law of June 5, 1947 P. L. 458, sec. 5, 53 PS 10275, as amended, states that Parking Authorities hereafter created are *agencies* of the Commonwealth and are not to be deemed instrumentalities of the city or engaged in the performance of a municipal function. Appellant contends that it is a general rule of law that a statute enacted by the Legislature is not applicable to the Commonwealth. Hence, it argues that, since *agencies* of the sovereign are in reality the sovereign itself, the Act of 1913 does not apply to petitioner: *Jones v. Tatham,* 20 Pa. 398; *Culver v. Commonwealth,* 348 Pa. 472, 35 A. 2d 64. But this rule applies only when dealing with possible derogation of the rights, prerogatives or property of the Commonwealth. It is true that this rule applies where there is a conflict between the sovereign power of the Commonwealth and the private rights of *individuals,* or whether the sovereign intended to make itself liable for torts of its servants, or whether the sovereign intended to pay interest on its obligations. But the present case does not fall within any of those situations. In this case the Commonwealth's rights, prerogatives or property are not in question. It is obvious that the Legislature by the Act of 1913 was setting forth a declaration of public policy. To require separate bids on the various items hereinbefore set forth was in compliance with such declared public policy. In *Tragesser v. Cooper et. al.,* 313 Pa. 10, 169 A. 376, this Court stated that the Act is an expression by the Legislature of public policy. We said in that case concerning a similar statute: "Being a public policy, it must be applied wherever it fits, and is not to be excluded unless the intention to exclude it is clearly made to appear." Such a statement applies with equal force to the Act of 1913. It is unrealistic to suppose that the Legislature would pass an act declaring a public policy but intend the Act not to apply to its own agencies. If such were

the intent it would be required to be set forth clearly and unequivocally. In 59 C. J., Statutes, Sec. 653, p. 1104, it is stated: ". . . the state may have the benefit of general laws, and the general rule has been declared not to apply to statutes made for the public good, . . . and the prevention of injury and wrong."

It was said in *Commonwealth ex rel. Attorney General v. Garrigues*, 28 Pa. 9, that: "But it is argued that the Commonwealth is not bound by the statute. It is true that the general rule in England is that the king is not bound by a statute if he be not named in it. But this rule has many exceptions. All statutes made to suppress wrong, to take away fraud, to prevent the decay of religion, to prevent tortious usurpations, or to secure to electors the right to make free election, are excepted out of this rule in England, and bind the king although he be not named: 5 Coke's Rep. 14 b; Dwarris on Statutes, 27, 28."

It is for these reasons that we cannot agree with appellant's first contention herein marked (a).

Nor does the next contention, (b), have merit. Section 18 of the Act of 1947 provides that "All acts or parts of acts inconsistent with the provisions of this act are hereby repealed." Section 5(b) (10) of the Act provides that Parking Authorities are given all powers necessary or convenient for carrying out their purposes including the power ". . . To make contracts of *every name and nature* . . . ." (emphasis supplied) Section 11 (e) provides: "Subject to the foregoing provisions any Authority may, but without intending by this provision to limit any powers of such Authority, enter into and carry out such contracts or establish or comply with such rules and regulations concerning labor and materials and other related matters in connection with any project or portion thereof as the Authority may deem desirable, or as may be requested by any Federal

agency that may assist in the financing of such project or any part thereof . . . ."

The Act also provides in Section 11 (a) that: "All construction . . . repairs or work of any nature . . . where the entire cost . . . shall exceed $500.00 . . . shall be done only under contract or contracts to be entered into by the Authority with the lowest responsible bidder, upon proper terms, after due public notice has been given, asking for competitive bids as hereinafter provided."

Petitioner contends that the terms of the foregoing provisions are repugnant to and therefore necessarily repeal the Act of 1913. We stated in *Orlosky, v. Haskell,* 304 Pa. 57, 66, 155 A. 112, that "When a postulated departure from a twenty year legislative policy is challenged, it must in order to secure our judicial recognition be supported by something more substantial than mere infelicity of legislative diction." The Statutory Construction Act (1937, May 28, P. L. 1019, Art. VII, sec. 91, 46 PS 591) reads: "In all other cases, a later law shall not be construed to repeal an earlier law unless the two laws be irreconcilable." Cf. *Commonwealth v. Crowl,* 245 Pa. 554, 91 A. 922; *Commonwealth v. Curry,* 285 Pa. 289, 132 A. 370. Repeal is wholly a question of legislative intent: *Commonwealth ex rel. v. Brown,* 210 Pa. 29, 36, 59 A. 479; *Commonwealth v. Provident Trust Co.,* 287 Pa. 251, 134 A. 377; *Newton Estate,* 354 Pa. 146, 47 A. 2d 229; *Pipa v. Kemberling et al.,* 126 Pa. Superior Ct. 289, 191 A. 373. We can find no clear legislative intent to repeal the Act of 1913. The provisions of the two Acts here in question are not repugnant to each other. The authority is not prohibited from entering into contracts *"of every name and nature"* with any of the four contractors named in the Act. Nor does the statutory provision that the Authority may enter into any contract that it "may deem desirable" mean that despite the terms of the Act of

1913, the Authority may, nevertheless, enter into a general contract for the entire work. The contracts are specifically limited by the Parking Authority Law to those entered into "upon proper terms." To say that petitioner is granted the power to enter into *any* contract with any individual or person is to place undue importance upon the words "of every name and nature." Such words must be read in the light of the Act of 1913 requiring separate bids. It is noted that the Parking Authority Law does not state that petitioner has authority to enter into any contract with *any* individual. The words "of every name and nature" define the type or kind of contract which can be entered into, whereas the Act of 1913 limits the category or type of bidder with whom the Authority can contract. The two Acts are not irreconcilable. Their terms considered in the light of the stated underlying public policy are consistent and harmonious. Statutes will not be presumed to make any changes in prior existing law beyond that which is necessary to carry out the purposes of the new legislation: *Heaney v. Mauch Chunk Borough*, 322 Pa. 487, 185 A. 732.

Appellant's last contention, (c), also contains no merit. Petitioner maintains that because any buildings constructed will be financed by private funds they cannot be public buildings. The Legislature has declared that the health, safety, and general welfare of the public require the free circulation of traffic and that therefore "such purposes are hereby declared to be public uses for which public money may be spent and private property may be acquired by the exercise of the power of eminent domain." Section 15 of the Act confers a general tax exemption upon any property acquired or used by petitioner because ". . . such Authorities will be performing essential governmental functions in effectuating such purposes. . . ." It was stated in *McSorley v. Fitzgerald et al.*, 359 Pa. 264, 59 A. 2d 142,

where the Court was considering the Parking Authority Law, p. 270: "It is no constitutional objection to the statute, nor does it derogate from the public character of its objective, that the Authority will to some extent conduct what may heretofore have been regarded as a private enterprise . . . . What the court holds, therefore, is that where, as here, the contemplated use of property is in aid of, and ancillary to, the exercise of the police power, the public nature of such use is conclusively determined, and therefore the State may, where the use of the highways is hampered by a local lack of parking facilities, authorize the municipal acquisition and operation of publicly owned and operated parking facilities reasonably calculated to alleviate that condition."

This Court said in *Tragesser v. Cooper et al.,* 313 Pa. 10, 16, 169 A. 376, that the words "any public building" ". . . must be construed, quoad the statute, to refer, as their words in fact state, to 'any public building,' that is, any building owned or to be owned by the borough and used or to be used for public purposes."

Decree affirmed; costs to be paid by appellant.