## State Adverse Interest Act

426

HARRY J. RUBIN, Deputy Attorney General, and THOMAS D. McBRIDE, Attorney General, October 16, 1957.—You have requested our advice concerning act no. 451 [1] of the 1957 session of the General Assembly, the so-called "State Adverse Interest Act" of July 19, 1957, P. L. 1017. Specifically, you ask what conduct on the part of Commonwealth employes is prohibited by this act.

Your request for advice is in general terms and does not present a specific situation or set of facts for our analysis. Our advice, therefore, must similarly be given in general terms; and this opinion sets forth such clear standards of conduct as are required by the act. Where possible, we have included specific examples of proscribed conduct as well as of conduct not prohibited by the act. It is obvious that this opinion cannot anticipate and, thus, cannot resolve all possible questions which may arise. Individual problems will require individual answers. To this end the Department of Justice already has advised the heads of the

---

[1] Senate Bill 916, printer's no. 487.

various departments and commissions of the State Government that we stand ready to assist any person who feels that he has an individual problem arising under the act. We now reiterate our offer of assistance.

Initially, it should be noted that the act is written in terms limiting both the persons and activities covered. The basic qualification is found in use of the term "State agency", for both a person who works for a "State agency" and an activity involving a "State agency" must be present before the act applies.[2] The definition of "State agency" is as follows:

"(1) 'State agency'. A department, board, commission or other part of the executive branch of the government of the Commonwealth or the Pennsylvania Turnpike Commission, the General State Authority or other State Authority, created by a statute which declares in substance that such authority performs or has for its purpose the performance of an essential governmental function and that its bonds shall not pledge the faith or credit or be obligations of the Commonwealth."

This definition excludes not only all parts of government at the local levels, but also both the judicial and legislative branches of the State Government. The exclusion of the legislative branch applies not just to such an obviously legislative body as the General Assembly; it applies equally to the Public Utility Commission [3] and to the Milk Control Commission,[4] both of which are agents of the legislature. Thus, the scope of the act is restricted to persons working for

[2] The entire act is written in terms of persons who serve State agencies and of activities by such persons which involve State agencies.

[3] See Commonwealth ex rel. v. Benn, 284 Pa. 421, 131 Atl. 253 (1925).

[4] See Snyder v. Barber, 378 Pa. 377, 106 A. 2d 410 (1954).

and activities involving the executive branch of the State Government and the small number of named agencies operating in varying degrees apart from the executive branch.[5]

The remainder of the act is devoted to outlining the persons and activities covered. The former are divided into three categories: (1) State advisor, (2) State consultant and (3) State employe. A "State advisor" is defined as follows:

"(2) 'State advisor'. A person who performs professional, scientific, technical or advisory service for a State agency or serves as a member of an advisory board, professional licensing board or similar part of a State agency, and who receives no compensation for his service other than reimbursement for expenses incurred by him in furnishing such service."

This category is limited to persons who receive no compensation, per diem or otherwise, for their services except reimbursement for their expenses. An example of such person would be a citizen member of the State Planning Board.

A "State consultant" is defined as follows:

"(3) 'State consultant'. A person who, as an independent contractor, performs professional, scientific, technical or advisory service for a State agency, and who receives a fee, honorarium or similar compensation for such service."

The restriction of "State consultant" to an "independent contractor" excludes any person who serves

[5] The Pennsylvania Turnpike Commission and the General State Authority are specifically named. The only other authorities which appear to come within the definition are the State Highway and Bridge Authority, the State Public School Building Authority and the parking authorities incorporated under the Act of June 5, 1947, P. L. 458, as amended, 53 PS §§341-356. See Pittsburgh Public Parking Authority Petition, 366 Pa. 10, 76 A. 2d 620 (1950).

the State and receives compensation therefrom as a result of an appointment by the Governor or other official. The only persons covered are those who serve the State under contractual arrangement. An example of this would be a professional management firm which contracts with a State department to review its internal procedures.

The final category is "State employe":

"(4) 'State employe'. An appointed officer or employe in the service of a State agency, and who receives a salary or wage for such service."

This title covers persons serving at all levels of activity (i.e., officers at the higher levels, employes at the lower). It includes members of the various boards and commissions and the administrative officers and employes thereof. This conclusion applies equally to persons who receive per diem compensation, such as members of the State Civil Service Commission, and to those who receive an annual salary, such as members of the Labor Relations Board or Pennsylvania Turnpike Commission.

To sum up the discussion thus far, the only persons subject to the provisions of the act are the following: (1) Uncompensated advisors to and members of boards in the executive branch of the State Government, the Pennsylvania Turnpike Commission and the General State or other State authority; (2) compensated contractors who perform professional or similar services for any of the above, and (3) compensated officers and employes of any of the above.

Inquiry into a person's status is not the only one that must be made, however. If it is established that a person does come within one of the three categories, it is then necessary to determine if a particular activity is proscribed. These activities involve two types of situations: (1) Adverse interest in a contract [6] and (2)

---

[6] Act no. 451, secs. 3, 4 and 5.

representation.[7] In each case the activity must be with a "State agency"; that is, a covered person is not forbidden from carrying on representation before or having an adverse interest in a contract with a legislative or judicial agency of the State Government or with an agency of local government.

To have an adverse interest in a contract means to be a party (or stockholder, partner or agent of a party), other than the Commonwealth or a "State agency", to a contract for the "acquisition, use or disposal by a State agency of services or of supplies, materials, equipment, land or other personal or real property".[8] Excluded from this is the contract between a covered person and the State respecting his own personal services to the State.[9] The following dealings are then prohibited:

1. A "State advisor" or "State consultant" is not allowed to have an adverse interest in a contract with a "State agency" only if the agency involved is the one in which he serves *and* if he recommended either the making of the contract or a course of action which contemplated the making of the contract.[10] If both of these conditions are not present, the advisor or consultant has not violated the act.

2. A "State employe' is not allowed to deal in any way with a contract in which he has an adverse interest. This includes influencing or attempting to influence the making of such contract or the supervising of such contract, and the restriction is not limited to contracts with the agency in which the person is employed.[11] However, he is not prevented merely from

---

[7] Id., sec. 7.

[8] Id., secs. 2(6) and 2(5).

[9] Id., sec. 2(5).

[10] Id., sec. 3.

[11] Id., sec. 4.

*having* an adverse interest in a contract with a non-employing State agency although he is so prohibited where his own agency is involved.[12]

Restrictions on representation are limited to "State employes" only. Except in performing his duties as an employe, such a person is forbidden to represent for remuneration any other person *before* a State agency or on any matter *involving* a State agency.[13] Since indirect representation is included, a business or professional partner of a State employe may not so act without subjecting the employe to the sanctions of the statute. We reiterate that representation by a State employe before a legislative or judicial State body or before a local body is not forbidden. Also, routine actions on behalf of others (e.g., filing of a tax return or of articles of incorporation) do not come within the concepts of "pending before" or "involving" and may be engaged in by a State employe. We caution, however, that such routine matters may subsequently become nonroutine (e.g., if the State assesses additional tax or refuses to accept the articles of incorporation) ; if so, the employe must withdraw.

The act contains two sanctions: First, no person who has an adverse interest in a contract with a State agency may become an employe of that agency until he divests himself of such interest;[14] second, violation of any of the provisions of the act subjects the violator

---

[12] Id., sec. 5. Note, however, that while the act does not so prevent an employe, a mere interest in certain contracts is forbidden by the Pennsylvania Constitution, Article III, sec. 12, and by The Administrative Code of April 9, 1929, P. L. 177, sec. 516, 71 PS §196, which implements the constitutional provision. These restrictions must be read together with section 5 of the State Adverse Interest Act. Note also, sec. 690 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4690, with regard to architects and engineers who are State employes.

[13] Id., sec. 7.

[14] Id., sec. 6.

to criminal penalties and forfeiture of any office or employment held by him in a State agency.[15]

We hope this general outline is of assistance to you. We want to emphasize that this act in no way precludes the heads of the various departments, boards and commissions from promulgating such administrative regulations concerning their employes' activities which might involve conflicts of interest as they see fit. Such administrative regulations may be more stringent than this act although they may not be more lenient or contravene its provisions in any other way.

[15] Id., sec. 8.