## Construction Contracts of General State Authority

HARRINGTON ADAMS, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, October 21, 1957.—We have received your letter regarding the recent resolution of the board of the General State Authority which requests an opinion on the legality of the authority's operating under the same rules and regulations as the Department of Property and Supplies with respect to the letting of contracts. You particularly inquire whether the authority may, as may the department, enter into a single contract for the erection of a building or must follow the Act of May 1, 1913, P. L. 155, 53 PS §1003, which requires separate contracts for certain phases of the work.

The Department of Property and Supplies is governed by The Administrative Code of April 9, 1929, P. L. 177, as amended, 71 PS §§51 to 732. This act contains detailed provisions on the procedures to be followed. Section 508(a) of said code, as amended, 71 PS §188, provides:

"No administrative department, except the Department of Property and Supplies, and no administrative board or commission, shall, except as in this act otherwise specifically provided, erect or construct, or contract for the erection or construction of, any new building, or make, or contract for making, any alterations or additions to an existing building, involving an expenditure of more than four thousand dollars

($4,000), and, in any case in which any other department or any board or commission is by this act authorized to erect or construct buildings, or make alterations or additions involving an expenditure of less than four thousand dollars ($4,000), such erection or construction may be generally supervised by the Department of Property and Supplies."

Section 2408(e), as amended, 71 PS §638, provides that:

"The department may invite proposals, either for completely erecting, altering, or adding to any building, or separately for parts of the work, or both. Whether it shall invite proposals for part of the work, and, if so, for what parts, shall rest within the sole discretion of the department."

This section of the code impliedly repealed the Act of May 1, 1913, supra, as to the Department of Property and Supplies. That section reads:

"Hereafter in the preparation of specifications for the erection, construction, and alteration of any public building, when the entire cost of such work shall exceed one thousand dollars, it shall be the duty of the architect, engineer, or other person preparing such specifications, to prepare separate specifications for the plumbing, heating, ventilating, and electrical work; and it shall be the duty of the person or persons authorized to enter into contracts for the erection, construction, or alteration of such public buildings to receive separate bids upon each of the said branches of work, and to award the contract for the same to the lowest responsible bidder for each of said branches."

An examination of The Administrative Code of 1929 reveals that the General State Authority is not expressly brought within its purview. The General State Authority, in section 3 of The General State Authority Act of March 31, 1949, P. L. 372, 71 PS

§1707.3, is created as a body corporate and politic, constituting a public corporation and governmental instrumentality. The authority has been held to be an independent public corporation. See Kelley v. Earle, 325 Pa. 337, 190 Atl. 140 (1937). Its purposes, powers and authority are set forth in section 4 of the Act of 1949, supra, 71 PS §1707.4. Nowhere in said act is authority given it, as is given to the Department of Property and Supplies in section 2408 of The Administrative Code of 1929, supra, nor is there language anywhere in said act which would exempt the authority from the Act of 1913, supra, or repeal said act as far as the General State Authority is concerned.

In the case of Pittsburgh Public Parking Authority Petition, 366 Pa. 10, 76 A. 2d 620 (1950), the Supreme Court of Pennsylvania, referring to the Act of 1913, supra, said, at page 13:

". . . It is obvious that the Legislature by the Act of 1913 was setting forth a declaration of public policy. To require separate bids on the various items hereinbefore set forth was in compliance with such declared public policy. In Tragesser v. Cooper et al., 313 Pa. 10, 169 A. 376, this Court stated that the Act is an expression by the Legislature of public Policy. We said in that case concerning a similar statute: 'Being a public policy, it must be applied wherever it fits, and is not to be excluded unless the intention to exclude it is clearly made to appear.' Such a statement applies with equal force to the Act of 1913. . . ."

The legislature has not indicated that the General State Authority is to be excluded from the application of the Act of 1913, supra. In fact, by its failure to enact into law bills which have been introduced from time to time*, which would have excluded the General

---

* House Bill No. 317 of the 1957 Session; House Bill No. 470 of the 1955 Session; House Bill No. 835 of the 1953 Session; House Bill No. 1500 of the 1951 Session.

State Authority from the purview of the Act of 1913, supra, it has indicated that the Act of 1913, supra, as a matter of public policy should be applied to the General State Authority.

We are, therefore, of the opinion and you are accordingly advised that the General State Authority is subject to the provisions of the Act of May 1, 1913, P. L. 155, 53 PS §1003, and must continue to enter into separate construction contracts as specified therein.