Commonwealth v. Manny

*Kenneth Osokow,* for Commonwealth.
*John P. Campana,* for defendant.


GREEVY, *J.,* September 20, 1978—After a district justice found the above-named defendant guilty of violating the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §3362, by driving 47.8 miles per hour in a 35 miles per hour zone, defendant timely appealed to this court. Both defendant and the Commonwealth have stipulated to the relevant facts which are as follows:

On October 1, 1977, two officers of the Williamsport City Police were operating a speed check in the following manner. The two officers were stationed 660 feet (or one-eighth of a mile) apart. The first officer would start clocking a car with a stop watch as the car entered the one-eighth mile section and radio the second officer. The second officer would in turn radio the first officer to stop his watch when the car completed the one-eighth mile section. (n.t. 23) Using this method, the police timed defendant's travel through the eighth mile section as 9.4 seconds, or 47.8 miles per hour in the 35-mile per hour zone. (n.t. 3) The watch used by the police was approved by the Department of Transportation and had been tested for accuracy within 60 days prior to this incident as required by 75 Pa.C.S.A. §3368(d).

The Commonwealth contends that although the legislature repealed the former statute expressly authorizing the police to use stop watches to check a vehicle's speed (75 P.S. §1002), the enactment of 75 Pa.C.S.A. §3368(c) should be construed to continue to permit the use of stop watches as under the former law.

Defendant has stipulated to all the facts necessary for his conviction under the prior law. The sole issue raised by defendant and to be decided by this court is whether stop watches may be employed by police officers to measure and determine a vehicle's speed over a measured distance of an eighth of a mile.

The new Pennsylvania Vehicle Code lists the type of speed timing devices authorized for enforcement of speed limits as "speedometers" and "mechanical electrical and electronic devices." 75 Pa.C.S.A. §3368. Electronic speed timing devices (commonly known as radar) may only be used by the state police: 75 Pa.C.S.A. §3368(2). Thus stop watches must come within the definition of mechanical or electric speed timing devices to be authorized. "The rate of speed of any vehicle may be timed on any highway by a police officer using a mechanical or electrical speed timing device." 75 Pa.C.S.A. §3368(c)(1). Defendant contends that a stop watch measures only time and hence is not a "speed timing device." Although the Commonwealth has not favored this court with a brief in this case, we do not think such a narrow interpretation of "speed timing device" is warranted.

The court's interpretation of 75 Pa.C.S.A. §3368 is necessarily guided by the Statutory Construction Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1921 et seq.

"Legislative intent controls

"(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. . . .

"(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters: (1) The occasion and necessity for the statute. (2) The circumstances under which it was enacted. (3) The mischief to be remedied. (4) The object to be attained. (5) The former law, if any, including other statutes upon the same similar subjects. (6) The consequences of a particular interpretation. (7) The contemporaneous legislative history. (8) Legislative and administrative interpretations of such statute." 1 Pa.C.S.A. §1921.

Since it is clear that the term "mechanical or electrical speed timing" device neither authorizes nor excludes the use of stop watches explicitly, the above factors must be considered: Goodman v. Kennedy, 459 Pa. 313, 329 A. 2d 224 (1974).

We can find no evidence or authorities concerning the first two factors that might influence the interpretation of the section of the statute in question. The mischief to be remedied appears to be closely tied to the object sought to be attained by the legislature. The legislature clearly intended to provide law enforcement officials with the authority to use effective and fair speed timing devices to measure a motorist's speed and so enforce the maximum speed limits: 75 Pa.C.S.A. §3362. The object of the legislature in substituting the general language of "speed timing devices" in the new statute for the specific reference to "stop watches" in the old law evidences the legislature's intent to broaden the authorization of the police to use a wider variety of speed timing devices than was formerly permissible.

Under former law, the use of stop watches as

speed timing devices was clearly authorized. See Act of April 29, 1959, P.L. 58, sec. 1002(d)(1) (repealed); Com. v. Nero, 59 D. & C. 2d 224 (1972). "(S)tatutes are not presumed to make changes in the rules and principles of the common law or prior existing law beyond what is expressly declared in their provisions." Com. v. Miller, 469 Pa. 24, 27, 364 A. 2d 886, 887 (1976). See also Pittsburgh Public Parking Authority Petition, 366 Pa. 10, 76 A. 2d 620 (1950). Since the legislature did not expressly disapprove of the use of stop watches in the new act, this court should not presume their intent was to disallow the further use of stop watches. It is more likely that the legislature's use of "speed timing device" was intended to include stop watches as well as other electrical or mechanical speed timing devices approved by the Pennsylvania Department of Transportation. See 75 Pa.C.S.A. §3368(d). Thus, we find that the former law supports the Commonwealth's contention that stop watches were authorized to determine a motorist's speed. See Casey v. Pennsylvania State Univ., 463 Pa. 606, 345 A. 2d 695 (1975).

Another important factor that we must consider is the possible consequences of an interpretation permitting or conversely forbidding the use of stop watches as speed timing devices: Dept. of Transp., etc. v. Burke, 31 Pa. Commonwealth Ct. 290, 375 A. 2d 1375 (1977). If we were to accept defendant's position that stop watches are no longer authorized under the new law, then local police (who may not use radar) could enforce speed limits only by use of a speedometer: 75 Pa.C.S.A. §3368(a). The court is not aware of the existence of any mechanical or electrical speed timing devices other than the dis-

puted stop watch. The Commonwealth has orally argued that most streets within Williamsport are separated into sections much shorter than three-tenths of a mile by stop signs or traffic lights. To measure a motorist's speed with a speedometer, the police must now time the speed for a distance of at least three-tenths of a mile: 75 Pa.C.S.A. §3368(a). Consequently, except in very rare instances, local police would be helpless to enforce the speed limit law within the city, if denied the use of stop watches.

" '[I]n ascertaining the legislative intent it is presumed that the legislature did not intend an absurd result or one which is impossible of execution or unreasonable.' " Dept. of Transp., etc. v. Burke, supra. See also 1 Pa.C.S.A. §1922(1). The difficulty of enforcing the maximum speed limit law (75 Pa.C.S.A. §3362) without the use of stop watches militates against defendant's interpretation of the statute.

Defendant argues that permitting police to enforce the speed law with stop watches might lead to the establishment of "speed traps." Labeling the police's duty and effort to enforce the speed limit as a "speed trap" should not confuse the issue before this court. A motorist who exceeds the speed limit for an eighth of a mile should not be heard to complain that he was a victim of a speed trap. A motorist remains free to defend against his traffic citation if the police used any deception or unfair methods. The use of the stop watch in this case was in accordance with the former law and procedures and hence neither deceptive nor unfair. The consequences of interpreting the section of the statute to permit the use of stop watches to monitor a

motorist's speed would have the beneficial effect of providing local police with the means to enforce speed limits.

Since neither side has submitted any legislative history concerning this section's enactment, the final factor to be considered is legislative or administrative interpretation of the section: 1 Pa.C.S.A. §1921(8). The section itself requires all devices to be "approved by the department, which . . . may prescribe regulations as to the manner in which calibrations and tests [of the devices] shall be made." 75 Pa.C.S.A. §3368(d). Since the enactment of this statute, the Pennsylvania Department of Transportation has issued regulations concerning the testing and calibration of stop watches as mechanical or electrical speed timing devices. See 67 Pa. Code §337.31-35.

"Courts should and do defer to the agency which is empowered to enforce the statute." Masland v. Bachman, 473 Pa. 280, 290, n. 25, 374 A. 2d 517, 522 (1977).

"An administrative body may interpret a statute which confers upon it duties and functions, and, generally its construction is persuasive upon the courts." Symons v. National Electric Products, Inc., 30 D. & C. 2d 112, 121 (1962), affirmed on opinion below, 201 Pa. Superior Ct. 27, 192 A. 2d 897, 903 (1963).

The Department of Transportation's interpretation of 75 Pa.C.S.A. §3368(c, d) to include the use of stop watches as speed timing devices reinforces this court's interpretation of the statute based upon the earlier considerations. Hence we hold that stop watches are authorized "speed timing devices" pursuant to 75 Pa.C.S.A. §3368.

One final issue needs to be examined before the defendant can be adjudged guilty of speeding. The new statute did not specify over what distance a motorist need be timed with a stop watch to determine his speed. This court holds that a stop watch would only be an effective and fair speed timing device if used for at least such a distance as to ensure a reasonably accurate speed timing. The legislature expressed its confidence in a distance of one-eighth of a mile under the former law. See section 1002 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1002 (repealed). We find no reason to question its judgment, nor depart from the rules under the former law which are presumed unchanged since not expressly altered: Com. v. Miller, supra. Thus we hold that one-eighth of a mile is a reasonable distance over which to measure the speed of a motorist pursuant to 75 Pa.C.S.A. §3368 (c, d).

In conclusion, we hold that a stop watch is a mechanical or electrical speed timing device authorized under 75 Pa.C.S.A. §3368 to time the speed of a motorist. We hold that the methods used by the police in this case, including the distance over which defendant's speed was timed, was reasonable and authorized by the statute.

Accordingly, we enter the following

## ORDER

And now, September 20, 1978, defendant is adjudged guilty of speeding and is directed to appear before this court on Tuesday, October 17, 1978, at 1:30 p.m. for sentencing.